IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTEMIO GONZALES, | ) | No. C 11-3235 RMW (PR) |
| Petitioner, | ) ) | ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE |
| v. | ) ) | |
| GEORGE LEOTTI, Warden, | ) ) | |
| Respondent. | ) ) | |

On June 27, 2011, petitioner, a state prisoner proceeding pro se, filed a writ of habeas corpus challenging a criminal conviction and judgment pursuant to 28 U.S.C. § 2254. On October 24, 2011, the court dismissed this action for failure to timely file a completed application to proceed in forma pauperis or pay the filing fee, and failure to keep the court apprised of his current address. On March 9, 2012, petitioner filed a letter with the court stating that he did not know why his mail was returned undeliverable, and that he was not aware that his fee was past due. That same day, he filed a $5.00 filing fee. Accordingly, the court sua sponte re-opens this action and orders respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a state court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose
3 v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claim**

As grounds for federal habeas relief petitioner raises the following claims: (1) trial counsel was ineffective for failing to raise a diminished capacity defense at trial; (2) the trial court erred in instructing the jury with CALJIC 17.41.1; (3) the trial court violated Apprendi, Cunningham, and Blakely by imposing consecutive terms for counts 2 and 3 because the crimes involved a single criminal objective; (4) the trial court erred in imposing the upper term on count 6 and consecutive terms on counts 2, 6, 7, and 8, in violation of Cunningham and Blakely; (5) the life sentence imposed on count 1 violated petitioner's right against multiple punishments for the same offense; (6) petitioner's right to a speedy trial was violated; and (7) the trial court violated petitioner's right to counsel when it did not inquire into his Marsden motion. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted as to these seven claims.

In Claim 8, petitioner requests the court to consider placing him in a state hospital rather than prison. This claim is dismissed for failure to state a cognizable federal claim.

**CONCLUSION**

1.    The clerk shall RE-OPEN the case.

2.    The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3.    Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

1  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
2  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
3  underlying state criminal record that have been transcribed previously and that are relevant to a
4  determination of the issues presented by the petition.

5       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
6  court and serving it on respondent within **thirty days** of the date the answer is filed.

7       4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
9  2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion,
10 petitioner shall file with the court and serve on respondent an opposition or statement of non-
11 opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with the
12 court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

13      5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
14 all communications with the court must be served on respondent by mailing a true copy of the
15 document to respondent's counsel. Petitioner must keep the court and all parties informed of any
16 change of address by filing a separate paper captioned "Notice of Change of Address." He must
17 comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
18 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

19      IT IS SO ORDERED.
20 DATED: _____                         /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
21                                              United States District Judge

Order Re-Opening Case; Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.11\Gonzales235reo.wpd        3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GONZALES et al,

        Plaintiff,

v.

LEOTTI et al,

        Defendant.

Case Number: CV11-03235 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 4, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Artemio Gonzales F37380
Richard Donovan Prison
480 Alta Road
F3-11-132
San Diego, CA 92179

Dated: April 4, 2012

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk